THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANGELA CHARLOTTE GRIGGS**                                                    **PLAINTIFF**

**v.**                                                                        **CIVIL CASE NO. 1:22cv135-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                            **DEFENDANT**

**OPINION AND JUDGMENT**

Angela Charlotte Griggs seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on May 10, 2023. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, she found that the plaintiff has the severe impairments of: degenerative disc disease of the cervical spine with radiculopathy (status/post anterior cervical discectomy and fusion). At step three, she found that none of these impairments or combination of these impairments meets or medically equals a listed impairment.

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform light work with the following limitations:

> [t]he claimant can lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. She can frequently climb ramps/stairs, but can never climb ladders/ropes/scaffold. She can frequently balance, but occasionally stoop, kneel, crouch, and crawl. The claimant can never be exposed to unprotected heights or dangerous moving machinery. The claimant can frequently reach in all directions except overhead with bilateral upper extremities. The claimant can also frequently handle, finger, and feel with bilateral upper extremities.

At step four, the ALJ found that the plaintiff was unable to perform any past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of marker and storage facility rental clerk. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the ALJ failed to properly consider the opinion of the plaintiff's nurse practitioner David Sumerford, who provided a letter dated May 23, 2018 (almost five months after the plaintiff's date last insured) stating as follows:

> I have been providing primary care for Ms. Griggs prior to her neck surgery and continue to see her today. Since her multi-level ACDF of the cervical spine last year she continues to have persistent neck pain with difficulty using her hands for even routine tasks. She has constant numbness, tingling, and weakness in her hands that has made it difficult for her to resume the type of work she has done in the past. Likewise, being unemployed and unable to afford insurance has made it impossible for her to afford the level of specialized care that she needs. Her past therapy following her neck surgery produced little to no improvement in her condition. In addition, she developed a new onset of difficulty swallowing after her neck surgery that causes here to choke easily on solid foods. While my office is not specialized to determine disability, I do believe that her constant neck pain

> with limited neck range of motion and her difficulty using her hands will make it difficult for her to return to work at this point.

In his decision, the ALJ declined to evaluate the persuasiveness of NP Sumerford's letter or assign it any weight because it "does not specifically indicate it pertains to the applicable period from the alleged onset date through the date last insured" and because, under the applicable regulation, "nurse practitioners were not considered acceptable medical sources, and thereby could not provide a medical opinion." On appeal, the plaintiff argues the ALJ erroneously believed he could not consider NP Sumerford's opinion because it was dated after the relevant time period and because Sumerford was not an acceptable medical source. The court is uncertain whether the ALJ held those beliefs, but the court finds that any error in the ALJ's failure to properly consider Sumerford's opinion is harmless.

With respect to applications filed before March 27, 2017 such as the plaintiff's application, a nurse practitioner is not considered an "acceptable medical source" whose opinions are considered "medical opinions" that must be evaluated as such using the applicable framework. 20 C.F.R. §§ 404.1502(a)(7) and 404.1527(a)(1). The ALJ's statement to this effect is correct. Of course, under the applicable regulation, opinions from medical sources who are not acceptable medical sources must still be considered using the same factors used in considering medical opinions. 20 C.F.R. § 404.1527(f)(1). Those factors are: (1) examining relationship; (2) treatment relationship (including length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship); (3) supportability; (4) consistency; (5) specialization; and (6) other factors which tend to support or contradict a medical opinion. 20 C.F.R. § 404.1527(c). The ALJ generally should explain the weight given to opinions from medical sources who are not acceptable medical sources or otherwise ensure that the discussion of the evidence in the

decision allows a subsequent reviewer to follow the ALJ's reasoning, "when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 404.1527(f)(2).

In the present case, if the ALJ declined to consider NP Sumerford's opinion using the relevant factors or to assign any weight to the opinion solely because Sumerford is not an acceptable medical source, then this would be error. However, the ALJ also explained that Sumerford's letter "does not specifically indicate it pertains to the applicable period from the alleged onset date through the date last insured." If this were accurate, it would be a valid reason not to consider Sumerford's opinion as evidence of disability in this case. *See McLendon v. Barnhart,* 185 F.App'x 430, 432 (5th Cir. 2006) ("While a retrospective opinion can prove the existence of a disability, the retrospective opinion must refer clearly to the relevant period of disability and not simply express an opinion to the claimant's current status."). However, one sentence in Sumerford's letter contradicts the ALJ's explanation: "Since her multi-level ACDF of the cervical spine last year she continues to have persistent neck pain with difficulty using her hands for even routine tasks." It appears Sumerford's letter is referring to the period of time from the plaintiff's neck surgery until the date of the letter, which period includes a period of time – from the date of the plaintiff's neck surgery in February or March of 2017 until her date last insured of December 31, 2017 -- during the relevant time period. As such, the ALJ was wrong to discount Sumerford's opinion as not referring to the relevant time period. The question remains whether this error is harmless, and the court concludes that it is.

When an ALJ procedurally errs by not fully considering and weighing an opinion as required, "reversal and remand is required only when the error affects the substantial rights of the claimant." *Wilder v. Colvin,* No. 13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (applying harmless error analysis where ALJ failed to conduct detailed analysis of treating physician's opinion using § 404.1527 factors). Procedural perfection in administrative proceedings is not required,

and the court will not vacate a decision "unless the substantial rights of a party have been affected." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors affect the substantial rights of a claimant only when they "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988). Remand is required only when, absent the procedural error, there is a realistic possibility that the ALJ would have reached a different conclusion. *January v. Astrue,* 400 Fed.Appx. 929, 933 (5th Cir. 2010) (per curiam).

In the present case, it is not clear that NP Sumerford's opinion, if accepted, would affect the outcome of the case. The only opinion stated in the letter pertaining to actual limitations in the plaintiff's ability to perform work-related activities due to her impairment is Sumerford's aforementioned statement that the plaintiff "continues to have persistent neck pain with difficulty using her hands for even routine tasks." The ALJ, too, found the plaintiff would have difficulty using her hands and assessed a limitation to frequent handling, fingering and feeling with the upper extremities. Even assuming *arguendo* that Sumerford's opinion, if accepted, would result in greater limitations, if the ALJ had fully considered the opinion using the § 404.1527 factors, there is no realistic possibility the ALJ would have reached a different decision.

NP Sumerford is not an acceptable medical sourced is not a specialist in the area of degenerative disc disease of the cervical spine and its associated limitations. Sumerford did not even see or examine the plaintiff during the time period to which his opinion might be relevant – the time period from the date of the plaintiff's neck surgery in February or March of 2017 until her date last insured of December 31, 2017. Sumerford saw the plaintiff in July 2016 and then did not see her again until May 2018, almost two years since the previous visit and over four months after the date last insured. When he saw the plaintiff in May 2018, the musculoskeletal and neurological

examinations were normal in every respect and offer no support for Sumerford's opinion, which appears to be based primarily, if not solely, on the plaintiff's subjective complaints. To the extent the ALJ failed to fully consider or articulate his consideration of Sumerford's opinion, the error is harmless.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 12th day of May, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE